## Dore vs. The City of Milwaukee.

MUNICIPAL CORPORATIONS: PLEADING. *Liability of city for injuries to lot-owner resulting from change in grade of street. Pleading in such a case.*

1. A municipal corporation is not liable, except by statute, for injuries resulting from an *authorized* change in the grade of a street, made with reasonable skill and care.

2. If a statute requires compensation for such injuries, and provides specific means for recovering it, other than an ordinary civil action, the statutory remedy is *exclusive.*

3. In case of injuries to a city lot from the alteration of the grade of a street made pursuant to an *unauthorized* or illegal order of the city council, the city is liable in an ordinary civil action for damages.

4. The charter of Milwaukee (Laws of 1874, ch. 184) provides (ch. VII, § 8), that after the grade of a street has been established by ordinance, and the street actually graded in accordance therewith, if the grade shall be altered by the city, the owner of any lot injuriously affected by such change shall be entitled to compensation therefor. *Held,* that the law applies to a change in the grade of *any portion of the width* of a street.

5. The charter also provides that the damages to a lot-owner caused by such an alteration in the grade of a street shall be ascertained by means of an assessment made by the board of public works and confirmed by the council; gives the lot-owner the right of appeal to the circuit court from

such assessment; and declares that "no action at law shall be maintained for such damages or injuries." Ch. VII, sec. 12. *Held*, that where the grade of a street in said city is changed pursuant to an order of the council *not authorized* by the charter, damages are still recoverable in an ordinary civil action; but the complaint in such an action must show the want of authority.

6. *It seems* that the city authorities of Milwaukee have no power under the charter to order work done changing the established grade of a street, until the assessment of the lot-owner's damages, etc., has been made by the board of public works and confirmed by the council; but the complaint in this action is insufficient because it does not show that such an assessment was not duly made and confirmed prior to the order complained of.

APPEAL from the Circuit Court for *Sheboygan* County.

The complaint in this action alleges: 1. That now and at all the times hereinafter mentioned, plaintiff is and was seized in fee and possessed of the south half of a certain lot in the city of Milwaukee, on the northwest corner of East Water and Buffalo streets, having a frontage of twenty feet on East Water street (the principal business street of said city), and of one hundred and fifty feet on Buffalo street, and extending from East Water street to the Milwaukee river; that on the west line of said lot a dock has been for many years constructed and maintained by him, at the dock line established by said city; and that there is, and has been for twenty years last past, on said premises, a four-story and basement brick store, twenty feet in width on East Water street, and one hundred and twenty-five feet in depth on Buffalo street, with entrance and access thereto from both of said streets, which store had been erected at large expense, and, prior to the grievances hereinafter alleged, was of great rental value, and a source of great profit to the plaintiff. 2. That, pursuant to the power contained in defendant's charter, the mayor and common council of said city, on the 3d of March, 1853, duly passed and caused to be published an ordinance, whereby the grade of East Water and Buffalo streets in front of plaintiff's said premises was permanently established at five feet above a

certain base line; and that afterwards in said year said streets in front of plaintiff's said premises were, by the proper authorities of the city, duly graded to the grade so established, and paved on said grade, and said building was thereafter erected on the premises in conformity with such grade. 3. That afterwards, in 1864, defendant, by its mayor and common council, by ordinance duly passed and published, changed the grade of said streets in front of said premises, and permanently established such grade at nine feet above said base line; that thereafter in the same year defendant caused said streets to be graded to the new grade so established, and to be paved upon such grade; and that plaintiff thereupon, at great expense, conformed his said premises to such new grade, so as to make them convenient and accessible for business purposes. 4. That in 1874 defendant constructed across the Milwaukee river a bridge, extending from the foot of Buffalo street to the west bank of said river, and upon a line with the grade of Buffalo street, so as aforesaid established; that afterward, on the 20th of March, 1875, the common council of said city adopted a resolution, which was approved by the mayor, whereby it was determined that said bridge should be raised fifteen feet above its then position; and that, with a view to carry out such design, said council afterward, on the 29th of March, 1875, adopted a resolution, which was approved by the mayor, whereby the board of public works of said city was authorized and directed to propose plans, and to proceed to construct on Buffalo street a substantial stone approach to such bridge at the level to which it was directed to be raised, which structure was to be forty feet in width on Buffalo street, and to extend from the west line of East Water street to the easterly end of such bridge. 5. That thereafter, in said year 1875, defendant, by its proper authorities, caused to be constructed in Buffalo street a solid embankment or approach to such bridge from East Water street, the walls whereof were of stone, which said embankment or approach, at the west line

[end?] of Buffalo street and at the east end of said bridge, was fifteen feet above the line of said Buffalo street, and extended on a gradual incline to the west line of East Water street, where it ended upon the level of, and at the aforesaid grade of, said street; that said structure is one hundred and fifty feet in length on Buffalo street, and forty feet in width; that said Buffalo street is and has for many years been eighty feet wide; that the sidewalks thereof, as they have been for years maintained by the direction, knowledge and consent of the defendant, were fifteen feet wide on said street; and that, by the construction of such approach, only a width of five feet on each side thereof, between such structure and the sidewalk, is left unoccupied and for the purposes of a roadway. 6. That for many years prior to such structure on Buffalo street, plaintiff and his tenants had been accustomed to receive and ship goods at said store from that street, and had access to the store therefrom with teams, drays, and carts; that by reason of the erection of such structure as aforesaid, the access to said store from that street by teams is entirely cut off, and the access thereto by foot passengers greatly hindered; that, owing to the peculiar shape and character of said structure or approach to said bridge, and to the fact that the grade on East Water street remains unchanged, it will be almost impossible to raise or reconstruct said building, so as to conform it to the grade of such approach, and the same could not be done for less than $10,000; that for that purpose the building must necessarily be raised above the grade of East Water street, in which case access thereto from that street would be rendered difficult and inconvenient; and that, by reason of the premises, plaintiff's said lot and building have been greatly injured and depreciated in value, the rental value thereof greatly diminished, access to the dock entirely cut off, and plaintiff subjected to great loss, to wit, $10,000; for which amount, with costs, he demands judgment.

Defendant demurred to the complaint as not stating a cause

of action, and appealed from an order overruling the demurrer.

For the appellant, a brief was filed by *Emil Wallber*, City Attorney, and *H. M. Finch*, of counsel; and the cause was argued orally by *Mr. Finch.* They contended, 1. That as bridges are necessary structures across the Milwaukee river, which the common council of the defendant city is by its charter specially authorized to build (Laws of 1874, ch. 184, p. 379, sec. 5; Laws of 1875, ch. 144, sec. 36), and as there is no allegation of negligence or unskillfulness in the construction of the work, plaintiff has no remedy at common law for the alleged injury. *Stadler v. Milwaukee*, 34 Wis., 102; *Alexander v. Milwaukee*, 16 id., 248; *Hobart v. Milwaukee R. R. Co.*, 27 id., 194; *Delphi v. Evans*, 36 Ind., 90; *Roll v. Indianapolis*, 52 id., 547; *Roberts v. Chicago*, 26 Ill., 249; *Ellis v. Iowa*, 29 Iowa, 229; *Burlington v. Gilbert*, 31 id., 356; *Warren v. Henly*, id., 31; *St. Louis v. Gurno*, 12 Mo., 414; *Taylor v. St. Louis*, 14 id., 20; *Roll v. Augusta*, 34 Ga., 326; *White v. Yazoo*, 27 Miss., 357; *Shaw v. Krocker*, 42 Cal., 435; 8 Cow., 146; *Clark v. Saybrook*, 21 Conn., 326; *Allentown v. Cramer*, 73 Pa. St., 409; *Smith v. Washington* 20 How., 146. 2. That the structure described in the complaint is not a " change of the grade " of Buffalo street, within the meaning of secs. 8–12, subch. VII, ch. 184, Laws of 1874, the only statute in force when this improvement was made, under which a right of action could be claimed; that this statute evidently contemplates a change of grade of *the entire street;* that the taking for a necessary public use of a strip one hundred and forty feet in length from the center of a street, leaving twenty feet on each side on the grade previously established, was not a change of the *grade of a street* in the sense of the statute; that if the legislature had intended to give a lot-owner damages for the construction of approaches to any or all of the bridges in the city of Milwaukee, it would have been easy to express that intent in plain

terms in the statute (*Church v. Milwaukee*, 31 Wis., 517); that "a word repeatedly used in a statute will be presumed to have the same meaning throughout the statute, unless there is something to show that there is another meaning" (*Pitts v. Shipley*, 46 Cal., 160); and that the phrase "a street" in the city charter, wherever it occurs, cannot be taken to mean "a street *or any part of a street*," without absurdity. · 3. That if the construction of the embankment described in the complaint is a change of the grade of a street within the meaning of the statute cited, plaintiff's only remedy is that pointed out by sec. 12 above cited, which declares that the appeal given by sec. 11 from the assessment of the board of public works, as confirmed by the common council, to the circuit court, "shall be the *only* remedy for the recovery of any damages, costs and charges arising from *any alteration of grade* by the said city or its officers, in the matter to which such assessment of damages or benefits relates," and that "*no action at law* shall be sustained for such damages or injuries, *whether arising from an alteration of grade or otherwise.*" Even without the negative language of this provision, the right to damages being given by statute alone, the method of obtaining such damages pointed out by the statute would be exclusive. *Ford v. Railroad Co.*, 14 Wis., 617; *Kimble v. W. W. V. Canal Co.*, 1 Cart., 285; *Null v. Canal Co.*, 4 Ind., 431; *N. A. & S. R. R. Co. v. Connelly*, 7 id., 32; *Calking v. Baldwin*, 4 Wend., 667; *Harrington v. County Comm'rs*, 22 Pick., 263; *Stevens v. Proprietors*, 12 Mass., 466; *Hovey v. Mayo*, 43 Me., 322; *Allentown v. Cramer*, *supra*.

For the respondent, a brief was filed by *Jenkins, Elliott & Winkler*, and the cause was argued orally by *Mr. Jenkins*. They contended, 1. That the act complained of was an unlawful invasion of plaintiff's right of property — a taking of his property without compensation. In support of this view, they argued that it is the settled law of this state that owners of

lots fronting on a public street own the soil to the center of the street, subject only to the right of the public to use the land *as an ordinary highway;* that the owner has a private right to have free access to his land and building from the street, as the same was and would have continued to be according to the mode of its original use and appropriation by the public, and there can be no change of such mode which shall materially impair or destroy such right, unless by consent of the owner and upon payment of due compensation (*Street Railway v. Cumminsville,* 14 Ohio St., 523; *People v. Kerr,* 27 N. Y., 215; *Hobart v. Milwaukee City Railroad Co.,* 27 Wis., 200); that the case of *Alexander v. Milwaukee,* 16 id., 248, relied upon by the city, ought to be overruled (*Arimond v. G. B. & M. Canal Co.,* 31 id., 335; *Pumpelly v. G. B. Co.,* 13 Wall., 166); that that decision is, however, inapplicable to the present case, because there none of the plaintiff's property was taken, while here the structure is in part erected on plaintiff's premises, and the injury there was consequential and remote, while here it is direct and immediate (*Pettigrew v. Evansville,* 25 Wis., 223, and the two cases last above cited); and that the city, having thus occupied plaintiff's land, having appropriated it to a use different from the original appropriation, having deprived him of his right of access, and having failed to institute proceedings to have the property appropriated for such different public use, and the damages assessed, is liable in this action for damages.  *Loop v. Chamberlain,* 20 Wis., 135.  2. That the action can be maintained on the ground that there was a substantial change of grade; that the provision of the charter of Milwaukee making the city liable "for all damages, costs and charges" arising from changes in the grade of a street after such grade has been once established, has been repeatedly considered by this court, and the liability and the grounds thereof fully established (*Goodall v. Milwaukee,* 5 Wis., 32; *Goodrich v. Milwaukee,* 24 id., 422; *Church v. Milwaukee,* 31 id., 512; *Stowell v. Milwaukee,* id., 523;

*Church v. Milwaukee*, 34 id., 66; *Stadler v. Milwaukee*, id.,
98; *Luscombe v. Milwaukee*, 36 id., 511; *Herzer v. Milwaukee*, 39 id., 360); that the statute, being based upon recognized principles of equity, and remedial in its purpose (DIXON,
C. J., in *Goodrich v. Milwaukee*, 24 Wis., on p. 436), should
receive a liberal construction to accomplish the objects proposed; and that it is not essential to a change of grade, within
the intent of the statute, that it should affect the *entire width*
of the street, any more than that it should affect its *entire
length*, but it is enough that there is a substantial change of a
substantial portion of the street, working injury to the lot-
owner.   3. In reply to the objection that in case of a change
of grade the lot-owner can proceed only by appeal from the
assessment made by the board of public works, and confirmed
by the council, they argued that the appeal described in sec.
11, ch. VII of the charter of 1874, is obviously provided only
for cases where the council, having determined by ordinance
upon a change in the grade of a street, proceeds to take the
steps required *to charge the expense to the abutting lots;* that
these steps include, (1) an estimate; (2) a recommendation by
the board of public works; (3) an adoption of that recom-
mendation by the council; (4) a view of the premises by the
board, and an assessment by it of damages and benefits; (5) a
notice of review of such assessment, for ten days; (6) a con-
firmation of the assessment, by the council; (7) an order of
the board of public works upon the owners to do the work;
(8) a contract for the work by that board, if the owners fail to
comply (Charter of 1874, ch. VII, secs. 6–10); that sec. 12,
by its terms, confines the lot-owner's remedy to such an ap-
peal only where such an assessment has been made; and that
this was no such case, since there was here no ordinance pro-
viding for a change of grade, no proceedings indicating an in-
tention to proceed under the charter as for such a change, no
assessment made by the board, no confirmatory proceedings
by the council, no order given the owners to do the work, no

action by the city except a resolution of the council (as stated in the complaint) directing the board of public works to prepare plans and proceed to construct a *stone approach on* Buffalo street. The city having failed to provide an assessment, or to proceed as for a change of grade, there was nothing to appeal from. But that does not debar plaintiff of his right to damages in an action at law. *Loop v. Chamberlain*, 20 Wis., 135; *Crossett v. Janesville*, 28 id., 420.

LYON, J. We cannot doubt that the raising of Buffalo street from the east end of the bridge to East Water street, as stated in the complaint, is a change of the grade of the former street, within the meaning of the charter of the city of Milwaukee, which provides for compensation to the owner of any lot or parcel of land injuriously affected in consequence of the alteration of the grade of a street. Laws of 1874, ch. 184, subch. VII, sec. 8, p. 363.

The position of the learned counsel for the defendant city, that the law applies only to cases where the grade of an entire street has been changed, is, we think, untenable. Should the law be so construed, it would or might, in many, perhaps in most cases, deprive the owners of the lands injuriously affected by a change of the grade of streets, of all remedy for such injuries. Manisfestly such was not the intention of the legislature when it enacted the above law.

The complaint states facts which show that the lot of the plaintiff described therein is injuriously affected by the alteration of the grade of Buffalo street, and hence, that he is entitled to compensation therefor; and the controlling question raised by the demurrer is, Does the complaint allege facts which entitle the plaintiff to maintain this action?

The following are believed to be well settled propositions of law:

1. In the absence of a statute giving them, a municipal corporation is not liable for damages resulting from an authorized

Dore vs. The City of Milwaukee.

change of the grade of a street, if such change be made with reasonable skill and care.   See 2 Dillon on Corp., §§ 781–3, and numerous cases cited in the notes.

2. If a statute gives compensation for injuries in such cases, and provides specific means to recover the same, other than an ordinary civil action, the remedy of the statute is exclusive. Id., § 784, and cases cited.

3. A municipal corporation is liable in an ordinary civil action for damages resulting to a lot-owner for injuries caused by the alteration of the grade of a street made pursuant to an unauthorized or illegal order of the city council.   *Crossett v. Janesville*, 28 Wis., 420.

The charter of the city of Milwaukee provides how the damages to a lot-owner caused by the alteration of the grade of a street shall be ascertained, to wit, by assessment by the board of public works (subch. VII, sec. 8, *supra*), and gives such lot-owner the right of appeal to the circuit court from the assessment (sec. 11).   It is also provided that "no action at law shall be maintained for such damages or injuries" (sec. 12).

It is not claimed in the complaint that the work of altering the grade of Buffalo street was carelessly or unskillfully done; and it necessarily follows from the foregoing propositions, that this action cannot be maintained unless the raising of such grade by the city authorities was without authority of law. And further, the facts showing that the work was unauthorized, should be stated in the complaint.   In the absence of averment to that effect, the legal presumption is, that the city authorities proceeded according to law, and that the improvement was lawfully made.

We fail to find any such averment in the complaint.   It is only alleged therein that the common council of the defendant city authorized and directed the work to be done, and that the city, by its proper authorities, caused the raising of Buffalo street at the place mentioned; but it fails entirely to show the proceedings of the authorities to that end.   The averment may

be true, and still the improvement may have been lawfully made; and, as just observed, the presumption is that it was lawfully made.   We suppose the city authorities had no power under the charter to cause the improvement to be made until the plaintiff's damages were assessed by the board of public works, and such assessment confirmed by the common council as required by the charter (secs. 8–10, *supra*); but if those proceedings were not had, that fact, or some other fact showing that the improvement was unauthorized, should be stated in the complaint.   Without such averment, the complaint fails to state a cause of action.

We conclude that the demurrer should have been sustained. It will, of course, be proper for the circuit court to permit the plaintiff to amend his complaint, if he desires to do so.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.