On an application by grade crossing commissioners for the appointment of commissioners to assess the damages resulting from a change in street grade, a railroad company liable for a portion of the damages is entitled to interpose an answer setting up any defense it may have.

2. SAME—DAMAGES TO CITY PROPERTY—EFFECT.

Where a municipal corporation constructs a viaduct over railroad tracks, and thereby causes a change in street grade, which damages property owned by it and held for municipal purposes, it is not entitled to an award of damages therefor, for the purpose of compelling partial contribution from the railroad company.

3. SAME—CONSTRUCTION OF CONTRACT.

The grade crossing act (Laws 1888, c. 345, § 1) provides that any six of the grade crossing commissioners may contract with any railroad company for the doing away with grade crossings in Buffalo. The grade-crossing commissioners contracted with the respondent railroad and others maintaining grade crossings, whereby a viaduct was to be erected over their tracks, the damages to abutting owners to be borne ratably by the city and the several railroads. The contract expressly provided that respondent did not waive its rights to compensation for injuries resulting to property owned by it, but no such provision was made with respect to municipal property. *Held*, that the municipality was not entitled to an award for damages resulting to its property, the absence of any stipulation therefor in the contract showing that such compensation was not intended.

Appeal from special term, Erie county.

Application by the grade crossing commissioners of the city of Buffalo for the appointment of commissioners to ascertain the compensation to be paid for injuries to land caused by a change of street grade. From an order denying the application as to two parcels of land belonging to the city of Buffalo, petitioners appeal. Affirmed.

When this proceeding came on for a hearing upon the motion for the appointment of commissioners to ascertain the damages sustained by the property owners described in the petition, the respondent, Erie Railroad Company, interposed an answer, alleging, among other things, that the improvement which occasioned the damage complained of was a change of grade in Hamburg street, which change was a public improvement, intended and undertaken by the city of Buffalo for its own benefit; and it was insisted that, because of this fact, the city might not recover for any consequential injury done to its own property, for the purpose of compelling partial contribution therefor from an interested railroad. While deny-

ing the respondent's right to interpose any answer in the proceeding, the allegations thereof were conceded to be true; and it therefore stands admitted that the improvement occasioning the injury to parcels 76 and 77 belonging to the city of Buffalo was a change of the grade of Hamburg street; that this change was accomplished by the construction of a viaduct built wholly by the city of Buffalo, and that the parcels of land owned by the city were held by it for municipal purposes.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Spencer Clinton, for appellants, grade crossing commissioners.
William L. Marcy, for respondent, Erie R. Co.

ADAMS, P. J. That the respondent had a right to interpose by way of answer to the petition any legal defense which it might have to the proceeding is now the settled law of the state (In re Grade Crossing Com'rs of City of Buffalo, 166 N. Y. 69, 59 N. E. 706); and it therefore only remains to determine how much consideration shall be given to the contention of the city that it is entitled to recover compensation of the respondent for any injury done to parcels 76 and 77 in consequence of the change of the grade of Hamburg street. For reasons which we shall proceed to state as briefly as possible, we do not deem this contention well founded. In the first place, it is not in accord with the well-recognized principle of law that, where the fee of a street is in a municipality, the same is held in trust for public purposes, and the municipality can therefore recover no damage, either direct or consequential, for any new use to which such street may be put, unless the same is authorized by the legislature. People v. Kerr, 27 N. Y. 188; City of Clinton v. Cedar Rapids & M. R. R. Co., 24 Iowa, 455.

In the case first above cited the rule is thus stated:

"What has been taken from the original owners for public purposes by the assertion of the paramount right of the sovereign power, and upon the payment of its value from public funds, and vested in a public municipal body, as a trustee, cannot be refused to the public when it is needed for a different use. Nor can compensation be demanded by this municipal body, in which the title to property thus acquired has been vested by such an exercise of the right of eminent domain."

—While in the latter case it was said by Chief Justice Dillon, that:

"It is a mistake to suppose that where the fee of the street is in the city in trust for the public the city is constitutionally and necessarily entitled to compensation, the same as a private proprietor holding the fee. The legislature might provide for such compensation, but it is not bound to do so."

In the present case it is conceded that the premises sustaining the alleged injury are held by the city for municipal purposes, that is, for the use of the public; that the injury complained of was occasioned by a change of the grade of one of the city streets; that this change was accomplished by the construction of a viaduct built entirely by the city, and that, so far from there being any legislative sanction for the city's claim for compensation therefor, such claim is at variance with the whole tenor and spirit of the grade crossing act, under the provisions of which the change of grade was accom-

plished. Laws 1888, c. 345, as amended by Laws 1890, c. 255, by Laws 1892, c. 353, and by Laws 1895, c. 1039. In these circumstances, it would seem to require no argument to support the first proposition upon which we rest our conclusion. But there is a further reason why the appellant's contention must fail. By the terms of the first section of the grade crossing act (Laws 1888, c. 345) any six of the grade crossing commissioners "are authorized to enter into contracts, from time to time, on behalf of the city of Buffalo, with any railroad company or companies * * * for the relief of the city from the obstruction of the streets of the city of Buffalo by railroads crossing the same at a grade. * * *" In pursuance of the authority thus conferred, the grade crossing commissioners entered into a written contract with this respondent and certain other railroad companies whose railroads crossed Hamburg street at grade, in and by the terms of which it was agreed that any and all damage for consequential injury to the premises of abutting owners should be borne ratably by the city and the several railroads; and in the case of the respondent it was further agreed that such damage should be paid by the city, in the first instance, and that the respondent's share thereof should be thereafter refunded in annual installments, running through a period of years. It was also expressly stated in the contract that the respondent did not "waive any right of claim to compensation for injury to any property owned by it," or "its right to claim compensation for any injury caused by the work described and provided for in the contract." Thus it will be seen that it was within the express contemplation of the parties to this contract that the respondent should be compensated for any and all consequential injury which the change of grade might work to its property; but it is also to be observed that there is an entire absence of any like provision respecting compensation to the city. Surely, if such a provision had been within the contemplation of the parties, it is altogether likely that the contract would have so expressed it; and its failure to do so is of itself a complete answer to the appellant's contention.

We think the order appealed from should be affirmed. Order affirmed with costs. All concur.