a discretion in the appointing officer to offer the position for open competition, and limited competition by such persons as might be named by the appointing officer. The officer was not, under this rule, obliged to appoint relator. He might not name him as one of the persons to compete for the position. The right to appointment was not, therefore, absolute, so as to enable him to secure the same by peremptory mandamus. The writ can be issued only when the right to it is clear and absolute, and it is doubtful if it can issue conditionally, to become operative upon compliance with such condition. This order directed a writ to issue commanding the appointment of the relator without the taking of any qualifying examination or the securing of any certificate as to qualification. The memorandum of the court indicates that its intention was to make the order or the writ conditional upon complying with the provision as to qualification. The order and writ were, however, absolute, and without such condition. The order, as it is, cannot be upheld. It should, at least, be so amended as to direct the issue of the writ only after the qualification examination shall be had and the certificate granted.

We think, however, the order should be reversed entirely. It is not certain that the certificate can be obtained upon examination at all. That is an absolute condition precedent, and without it there is no right to appointment of a veteran even. For the various reasons suggested, the order should be reversed. We see no reason for the issue of an alternative writ, inasmuch as the question of fraud in making the amendment to the civil service rules is not to be determined in the proceeding. The qualification of the relator cannot be determined here. It must be settled on the examination and application for the certificate. There are apparently no disputed questions of fact to be settled.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

---

In re VAN RENSSELAER & ROSEVILLE STS. IN CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

MUNICIPAL CORPORATIONS—CHANGE OF GRADE OF STREETS—ASSESSMENTS OF DAMAGES.

An individual owning a tract abutting on a street and a tract not abutting thereon, but adjacent to a strip owned by the municipality, which abutted thereon, used the two tracts and the strip for a manufacturing plant. The permission to occupy the strip was revocable at the option of the municipality. A change of grade in the street destroyed the value of the plant. The municipality did not urge that the license granted to the individual had been or would be revoked. *Held*, that under Laws 1890, p. 473, c. 255, § 9, providing for the payment of damages in consequence of a change in the grade of a street, the individual was entitled to damages resulting from the depreciation in the value of his two tracts, together with the depreciation in the value of the buildings and machinery thereon, and on the strip owned by the municipality.

Williams and Kruse, JJ., dissenting.

Appeal from Special Term, Erie County.

Proceedings by the grade crossing commissioners of the city of Buffalo for the appointment of commissioners to ascertain the compensation to be paid as damages sustained by the change of grade of streets against Peter Rehorn and others.    From an order confirming the report of the commissioners awarding damages, the petitioners and defendant Anselm Hoefner and another appeal.    Reversed and remanded.

The proceeding was commenced on the 16th day of November, 1903, by the presentation of the duly verified petition of Augustus F. Scheu, chairman of the grade crossing commissioners of the city of Buffalo, praying for the appointment of commissioners of appraisal pursuant to section 9 of chapter 255, p. 473, of the Laws of 1890, to ascertain the compensation to be paid to the owners of and parties interested in lands which may be injured by the change of grade of Van Rensselaer and Roseville streets, in said city, which change and improvement were determined upon pursuant to the provisions of said act.    In accordance with the prayer of such petition, commissioners of appraisal were duly appointed, and, after hearing the allegations and the testimony offered by the respective parties, determined that the total damages sustained by the appellant Hoefner because of such improvement were $37,684.83, and they so reported.    By a supplemental report required to be made upon motion of Hoefner, said commissioners stated the items which made up said total award; that the damage to the land was $9,277.37; that the damage to the buildings and fixtures situate on the land owned by Hoefner south of the south line of the mill race was $14,536.97, to the buildings and fixtures situate on the mill race property $10,358.43, and to the buildings and fixtures situate on the property owned by the appellant Hoefner north of the north line of the mill race and which did not abut upon Van Rensselaer street, $3,512.06.    Such original and supplemental reports were confirmed, and the order appealed from duly entered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Adolph Rebadow, for appellant Hoefner.
De Witt Clinton, for appellant the grade crossing com'rs.
William L. Marcy, for appellant Erie R. Co.

McLENNAN, P. J.    Two questions are presented by these appeals: First, does the award fairly measure the damages sustained by the appellant Hoefner and which he was legally entitled to recover because of the improvement in question? and, second, was he legally entitled to recover damages to the buildings and fixtures situate on the mill race strip, the title to which was in the city of Buffalo, and damages resulting to the land and buildings and fixtures situate thereon owned by him located immediately north of the mill race strip, no part of which abutted upon the streets, the grade of which was changed by the improvement?

The appellant Hoefner is the owner of a parcel of land which abuts upon and is situate on the westerly side of Van Rensselaer street, in the city of Buffalo, N. Y., which is described in the petition herein as follows:

"Beginning at a point in the west line of Van Rensselaer street 190 feet north of the north line of Roseville street; thence running westerly at right angles 200 feet; thence northerly at right angles about 65 feet to the south line of the mill race; thence northeasterly along said south line to the west line of Van Rensselaer street; thence southerly along said west line 126 feet to the place of beginning."

101 N.Y.S.—59

The mill race mentioned in said description consists of a strip of land 40 feet wide, extending from Van Rensselaer street westerly, forming the northerly boundary of appellant's property above described, and running at such angle that, while appellant's property has a frontage of 126 feet on Van Rensselaer street, its width in the rear is only 65 feet. Concededly the title to the strip known and described in this proceeding as the "mill race," is owned by the city of Buffalo. The appellant, Hoefner, is also concededly the owner of a triangular piece of land situate northerly of and extending along the north line of the mill race property, but no part of it abuts upon Van Rensselaer street. The entire premises owned by Hoefner, including the buildings and machinery erected thereon, together with the buildings and machinery erected upon the mill race property, so called, were used and occupied by him as a soap factory; the business conducted being extensive and profitable, and the location well adapted to the prosecution of such business. The northwest corner of one of the principal buildings of Hoefner's plant, which abutted upon Van Rensselaer street, extended upon a portion of the mill race property. Another of the principal buildings erected by Hoefner practically occupied the mill race property, except that the northwest and southeast corners of the building extended over and upon his own lands. On the triangular piece of land owned by him north of the mill race property he had erected certain buildings and installed certain machinery which became a part of his manufacturing plant, but such lands situate north of the mill race property did not abut upon Van Rensselaer street. Other buildings and structures had been erected partly upon the lands owned by the appellant and partly upon the mill race property, but all of which were used in connection with and formed a part of his soap factory plant. The license or permission to Hoefner to occupy the mill race strip, owned by the city of Buffalo, was given by resolution of its common council, and by the several resolutions of such body he was given permission to erect the buildings in question thereon, and also permission to encroach upon such mill race strip by the other buildings erected by him. We must assume, however, under the evidence, that such permit or permits were revocable at the option of the city of Buffalo; but there was no act indicating an intention on the part of the city of Buffalo to revoke such license or permits or to indicate that they might not continue in the future as in the past. Indeed, the city of Buffalo does not appear and urge upon this appeal that the license granted to Hoefner to occupy and use the mill race strip had been or would be revoked.

The evidence very conclusively establishes that the change of grade in Van Rensselaer street practically destroyed the value of Hoefner's plant as a soap factory, and that there is no other use to which the buildings and machinery connected therewith can reasonably be put. The plant as a soap factory being destroyed, the buildings and machinery used in connection therewith are practically of no value.

Under these circumstances we think the appellant Hoefner was entitled to such an award as would compensate him for the damages done to the real estate owned by him abutting upon Van Rensselaer street. and to the buildings and machinery erected thereon, and also for such damages as resulted to the buildings and machinery erected upon the

property of the city with its consent and acquiescence, even taking into consideration that such consent was revocable at will; and also for such damages as resulted to the real estate owned by him north of the mill race property and to the buildings and machinery erected thereon, although not abutting upon Van Rensselaer street, all of which machinery and structures referred to were used as and were a part of one plant and were all suitable and necessary in the conduct of a single business.

We think this conclusion is not in any manner at variance with the decision called to our attention by the appellants the grade crossing commissioners and the Erie Railroad Company.   Matter of Grade Crossing Commissioners, 66 App. Div. 439, 73 N. Y. Supp. 10.   In that case it was simply held that in such proceedings the city of Buffalo could not recover damages under and by virtue of the grade crossing act for injury done to property owned by it.   That authority would apply in this case if the city of Buffalo were asking damages resulting to the mill race strip, and, of course, would bar recovery of such damages.   But we do not understand that it has any application to the case at bar, where the city of Buffalo is not appealing or asserting its right to terminate the license given by it to Hoefner.   The grade crossing commissioners, the Erie Railroad Company, or any other corporation interested under the provisions of the act cannot urge that the grant or license given by the city of Buffalo is valueless simply because it might terminate the same at will, when there is no indication on the part of such city that it intends to revoke the same.

The case at bar is clearly distinguishable from the cases decided by this court in which it was held that an owner of a piece of property abutting upon a street upon which an improvement is determined to be made under the provisions of the grade crossing act is not entitled to recover the damages to another piece of property owned by him, but separated from the former by a public street, and which is not used as a part of or in connection with the premises abutting upon such street.   We are constrained to hold that under the act in question, where one parcel of real property abutting upon a street is owned by an individual or corporation, and another piece of property not abutting on said street is used in connection therewith and as a whole in the prosecution of a business, the owner of property abutting upon such street may recover not only for damages done to such real estate owned by him abutting upon such street, and to the buildings and machinery erected thereon, but also for the damage done to the parcel not so abutting, where, as before said, the whole is used as one plant and is necessary in the conduct of a single business.

We conclude, therefore, that the appellant Hoefner was entitled to such damages as he sustained because of the depreciation in the value of the premises owned by him which abutted upon Van Rensselaer street; also for the depreciation in the value of buildings erected by him upon the mill race strip, resulting from such improvement, the fact to be taken into consideration that the license under which he erected such buildings might be terminated at will; and, also, that he was entitled to compensation for the depreciation in the value of the triangular piece of land which he owned, although not abutting upon

Van Rensselaer street, and for the depreciation in the value of the buildings and machinery thereon, which were used in connection with and as a part of the plant and premises which did abut upon such street.

These conclusions leave for our consideration only the question as to whether the sum awarded was sufficient to compensate the appellant Hoefner for the damages sustained in the premises. From a careful examination of the evidence, we are not satisfied that the award made to the appellant Hoefner fairly compensated him for the damages which resulted to his property because of the improvement in question, and therefore have concluded that a new appraisal should be had before other commissioners. Under such circumstances we deem it unwise to point out or indicate the items which in our judgment should be increased, or to suggest, even approximately, what in our opinion the award should be, as we would not wish to in any manner influence the judgment of the commissioners who are to be appointed and whose duty it will be to determine the amount of the award, not only from the evidence which may be offered before them, but also from a personal inspection of the premises, which, under the law, they are required to make. But we think justice requires that the parties have an opportunity to retry the issues of fact relating to this piece of property, independent of the issues which relate to the many other parcels of land described in the petition.

Order appealed from reversed and report as to parcel No. 9 set aside, and the matter sent to other commissioners to be appointed at Special Term, with costs to the appellant Hoefner in case the award of the new commissioners appointed herein is in excess of the award from which this appeal is taken; if not, then such costs to be paid by the appellant Hoefner. All concur, except WILLIAMS and KRUSE, JJ., who dissent.