PEOPLE ex rel. CITY OF NEW YORK v. HENNESSY et al.

PEOPLE ex rel. MOTT v. SAME.

(Supreme Court, Appellate Division, First Department.　July 10, 1913.)

1. EMINENT DOMAIN (§ 101*)—"CHANGE OF GRADE" OF STREET—WHAT CONSTITUTES.

　　Where a municipality established a bridge under a statute requiring it to be higher than the old bridge, and for that reason built a viaduct over the street approaching the bridge, the grade of the street was changed, although the viaduct did not cover its whole surface, but left a portion at the original grade.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*

　　For other definitions, see Words and Phrases, vol. 2, pp. 1055, 1056.]

2. EMINENT DOMAIN (§ 101*)—CHANGE IN GRADE OF STREETS—AWARD OF DAMAGES.

　　Where the grade of a street is changed to the detriment of abutting property owners, allowance of damages should not be confined merely to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the land immediately abutting on the street, but should include the injury to the plot treated as a whole.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

Cross-writs of certiorari by the People, on the relation of the City of New York against John P. Hennessy, president, and others, constituting the Board of Assessors, and Jordan L. Mott, and on the relation of Jordan L. Mott against the Board of Assessors, to review an award of damages to relator, Mott. Dismissed as to the City, and sustained as to relator, Mott.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles J. Nehrbas, of New York City, for the City of New York. Morgan J. O'Brien, of New York City, for relator Mott.

SCOTT, J. The relator, Jordan L. Mott, owns a plot of land measuring 612 feet on Third avenue, 352 feet on the Harlem River, and 710 feet on the Mott Haven Canal, in the borough of the Bronx, in the city of New York. Upon this plot are buildings used for many years for foundry and iron working business. In the year 1890 an act of Congress was passed requiring the replacement of the existing bridges over the Harlem River by new bridges having a clear space of 24 feet above high tide, and in 1892 the Legislature of this state passed an act providing for the construction of a new Third avenue bridge (chapter 413, Laws 1892). The construction of this new and much higher bridge necessitated the construction of long and high approaches; that at the northerly end being built within the lines of Third avenue and constituting the change of grade for which relator Mott claims damages. The bridge in front of said relator's premises consists of a masonry and steel viaduct. Between the westerly side of the approach and the old sidewalk there remains a strip at the original grade along the northerly half of Mott's property. Along the southerly half of the property there is no such strip, as the approach is either flush with the sidewalk or encroaches upon it. There can be no doubt, and it is not disputed, that the construction of the approach has seriously damaged the Mott property.

[1] The principal objection to the award raised by the writ of certiorari sued out by the city of New York is that the structure complained of is not a change of grade. This construction is based upon the fact that the structure does not cover the whole surface of Third avenue, but leaves undisturbed a portion of the street at its old grade. This fact, however, does not of itself establish that the construction of the approach is not in effect a change of grade. In Sauer v. City of New York, 90 App. Div. 36, 85 N. Y. Supp. 636; Id., 180 N. Y. 27, 72 N. E. 579, 70 L. R. A. 717; Id., 206 U. S. 536, 27 Sup. Ct. 686, 51 L. Ed. 1176, the plaintiff claimed consequential damages to his property abutting upon 155th street, because of the erection in the street of an elevated viaduct supported upon high iron columns, leaving the street

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at its original grade in front of the plaintiffs' property undisturbed, except for the presence of the columns. This was held in every court to constitute a change of grade (see Smith v. Boston & Albany Railroad Co., 181 N. Y. 132–137, 73 N. E. 679), and was said by the Supreme Court of the United States to be in full accord with the decisions of all other courts in which the same question had arisen, and numerous cases to support this statement are cited by the court.

Cases strictly analogous to the present are Willis v. Winona, 59 Minn. 27, 60 N. W. 814, 26 L. R. A. 142, Dore v. Milwaukee, 42 Wis. 108, and People ex rel. Hallock v. Hennessy, 205 N. Y. 301, 98 N. E. 516. Furthermore, the statute under which the bridge and approaches were constructed plainly intends that the approaches built upon and over existing streets shall be considered as a change of grade, and shall entitle the abutting owners damaged thereby to receive compensation, and such was the construction given to the act by this court in People ex rel. City of New York v. Lyon, 114 App. Div. 583–585, 100 N. Y. Supp. 62, affirmed 186 N. Y. 545, 80 N. E. 1136. The city of New York places much reliance upon People ex rel. City of New York v. Sandrock Realty Co., 149 App. Div. 656, 134 N. Y. Supp. 427, affirmed 207 N. Y. 771, 101 N. E. 1116. That case, however, arose under a different statute (chapter 147, Laws 1894).

By that statute the Legislature had provided that damages should be paid to abutters upon Willis avenue (upon which the. bridge approach was erected) for injury to or interference with their easements of light, air, and access, but had limited such damages to property lying south of 133d street on the theory apparently that, in consequence of the widening of the avenue above that street, no injury would be done to the street easements of abutting property. By another section of the act, as construed by this court and the Court of Appeals, damages for change of grade were to be awarded only to owners of land abutting on streets which intersect Willis avenue. The Sandrock Realty Company's property abutted on Willis avenue, but was north of 133d street, so that it was entitled to damages under neither section of the act. The scheme of the present act is quite different and plainly contemplates an award of damages, as for a change of grade, to the owners of lands abutting upon Third avenue.

[2] The writ of certiorari sued out by the property owners brings up for review the amount allowed for damages, which the relator claims is plainly inadequate. We are of the opinion that he is right in this contention, not only because of the enormous discrepancy between the estimate of the experts called by the city, and of those, of at least equal experience, called by the property owners, but because we are convinced that the assessors have proceeded upon a wrong theory in estimating the damage.

The majority of the board who made the award have not stated the rule which they adopted, but an examination of the record and a comparison of the results with the evidence of the city's witnesses seem to make it very clear that the assessors considered only the damage done to a strip of land 100 feet deep fronting upon Third avenue, and allowed nothing for the damage to the property considered as a plot.

That this was the rule adopted by the majority of assessors is plainly intimated by the opinion filed by the president of the board who favored a somewhat larger, and as it would seem a more reasonable, allowance. He may be presumed to have had knowledge of the theory upon which his colleagues acted. If this was the rule applied by the majority, it was plainly inapplicable to the situation presented by the Mott property, the owner of which was entitled to an award of damages based, not solely upon the injury to the frontage, but upon the injury to the plot treated as a whole. Matter of Grade Crossing Commissioners, 116 App. Div. 549, 101 N. Y. Supp. 928. The award appears to be so clearly inadequate that justice requires that it be referred back to the assessors for reconsideration.

As a result the writ of certiorari sued out by the city must be dismissed, with $50 costs and disbursements to the claimant Jordan L. Mott, and writ of certiorari sued out by said claimant must be sustained, the award of damages annulled, and the matter remitted to the board of assessors for further consideration. All concur.