## FOURTH DEPARTMENT, JANUARY, 1964

### (January 9, 1964)

■ 240 SCOTT, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37065.) — Judgment unanimously reversed on the law and facts, with costs and matter remitted to the Court of Claims to enter an award in favor of claimant in such an amount as may be determined by the Court of Claims after a trial or hearing on that issue. Certain findings of fact and conclusions of law disapproved and reversed, and new findings and conclusions made. Memorandum: Claimant appeals from a judgment of the Court of Claims which determined that no change of grade resulted from the removal of the Chicago Street viaduct over which claimant had second-story ingress to and egress from its warehouse. The viaduct which abutted on claimant's warehouse property had been constructed lengthwise over Chicago Street in accordance with plans filed in the City Engineer's office in the years 1897, 1898 and 1914. The viaduct went upgrade, northerly, to the elevation of claimant's second-floor level and a driveway connected it with the second floor of claimant's warehouse over which trucks entered the building through large overhead doors. The elevation of the viaduct in front of claimant's property was a recorded street grade within the City of Buffalo (*People ex rel. City of New York* v. *Hennessy*, 157 App. Div. 786, affd. 210 N. Y. 617; *People ex rel. Crane* v. *Ormond*, 221 N. Y. 283). "The bridge along and over this street is a part of the street. In other words, a bridge is a highway." (*Village of Sandpoint* v. *Doyle*, 14 Idaho 749, 756.) In the year 1959 the State in connection with construction of the Niagara section of the New York State Thruway demolished the Chicago Street viaduct and thereby lowered the grade of Chicago Street by about 7 to 17 feet to the surrounding ground

level depriving claimant of access from the street to the second floor of its warehouse. This was an alteration of grade of Chicago Street in front of claimant's property which caused damages to claimant for which it is entitled to be compensated by the State of New York (Charter of City of Buffalo, § 367; Highway Law, § 347; *Askey & Hager* v. *State of New York,* 240 App. Div. 451, affd. 266 N. Y. 587; *Selig* v. *State of New York,* 10 N Y 2d 34, 36; *Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678). The Court of Claims dismissed the claim on the erroneous ground that elimination of an elevated structure from a street is not a change of grade. It did not consider the proof of damages resulting from the change of grade and did not pass upon the requested findings submitted by the parties. We conclude that claimant is entitled to an award in its favor but instead of fixing the amount of the award ourselves we remit the case to the Court of Claims for determination of the amount of the award (see *Minotti* v. *State of New York,* 18 A D 2d 769). (Appeal from judgment of Court of Claims dismissing the claim on the merits.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.